ELLIS, Judge.
The Chattanooga Glass Company is seeking to recover from the Baton Rouge “76” Bottling Company $516.61 which represents the purchase price of bottles sold to the defendant on December 6, 1946. The plaintiff has joined as defendants Harry D. Mitchell, Henry C. Mitchell, Timothy T. Tyree, Lionel J. Champagne and Harrison G. Bagwell, alleging that all are liable in solido to the plaintiff for the merchandise. The defendant Harry- D. and Henry C. Mitchell called Tyree, Champagne and Bagwell in warranty and prayed for judgment against them in solido for whatever judgment may be awarded in favor of the plaintiff against them.
Tyree, Champagne and Bagwell filed a recoriventional demand in which they ask for damages, which demand was denied by the lower court and from which there has been no appeal, so it passes out of the case.
The lower court rendered judgment against the Baton Rouge “76” Bottling Company and the individual members, Harry D. Mitchell and Henry C. Mitchell, and dismissed the suit of the plaintiff as to Tyree, Champagne, and Bagwell. From the *432 judgment of the lower court the plaintiff and the defendants, Harry D. and Henry C. Mitchell, have appealed.
The facts show that the bottles were shipped to the Baton Rouge “76” Bottling Company on the 6th day of December, 1946 at which time it was a partnership of Harry D. and Henry C. Mitchell. Thereafter, on April 1, 1947, the two Mitchells sold a % interest in the business to the defendant, Timothy T. Tyree, and on November 6th, 1947 Harry D. and Henry C. Mitchell sold their undivided % interest to Timothy T. Tyree, Lionel J. Champagne, and Harrison G. Bagwell, defendants herein. The amount due the plaintiff was unpaid and was still unpaid as of the date of this suit, and, therefore, the plaintiff filed this suit and joined Tyree, Champagne and Bagwell, contending that they are liable by virtue of the terms of a stipulation in the act of sale which is as follows: “As a further consideration of this sale, purchasers assume that obligation due Sidney N. Landry and Richard T. Landry, as per act of sale with chattel mortgage, dated November 21, 4946, the balances due on the hereinabove described truck and the current monthly accounts and obligations of the Baton Rouge 76 Bottling Company of record as of the 29th day of October, 1947.” (Emphasis added.)
The Mitchells also contend under the above quoted provision that the debt was of record on the 29th day of October, 1947, and, therefore, they are entitled to a judgment against Tyree, Champagne, and Bag-well.
The District Court in disposing of the question of the liability of Tyree, Champagne and Bagwell by reason of the assumption of debt contained in the act of sale of date Nov. 7, 1947, held as follows:
“I find in the record an affidavit of date Nov. 7, 1947, executed by Henry C. and Harry D. Mitchell, reading as follows:
“ 'State of Louisiana
Parish of East Baton Rouge
“ ‘Before me, the undersigned authority, a Notary public duly commissioned and qualified in and for the aforesaid parish and state, personally appeared Henry C. Mitchell and Harry D. Mitchell who, being by me first duly sworn upon oath, did depose and say that the attached statement contains the names of all the creditors of the Baton Rouge “76” Bottling Company and that the amount set opposite each of their respective names is the amount now due and owing and which shall become due and owing by Baton Rouge “76” Bottling Company to such creditors, and that there are no creditors holding claims due or which shall become due for or on account of goods, wares, merchandise or fixtures, or equipment used or to be used in the display, manufacture, care or delivery of any goods, wares of merchandise, including movable store and office fixtures, automobile trucks and other vehicles or other goods and chattels of the transferor’s business purchased upon credit or on account of money borrowed to carry on the business of which said property is a part other than as set forth in said statement, and the facts set out in this affidavit are within the personal knowledge of said affiants.
“ ‘(Sgd) Henry C. Mitchell
(Sgd) Harry D. Mitchell
“ ‘Sworn to and subscribed to before me, this 7th day of November, 1947.
“ ‘(Sgd) R. W. Williams, Jr.
Notary Public’
“I also find a copy of the ‘attached statement’ alleged to contain ‘the names of all of the creditors of the Baton Rouge “76” Bottling Company’ but I do not find the name of the plaintiff thereon.”
“Obviously, the defendants Tyree, Champagne and Bagwell accepted the aforesaid statement as correct, and having done so, as between them and the Mitchells, there arose no liability for the debt sued on.”
“It may be that in a literal sense the debt sued on was ‘of record’ as of the 29th of October, 1947, but the fact remains that on the statement headed ‘statement of accounts payable as of Oct. 31, 1947’ this claim did not appear. For this reason alone I do not think it can be justly said that Tyree, Champagne and Bagwell assumed its payment. Just what was meant by the words ‘of record’ appearing in the act of sale is difficult to determine. These words may *433 have meant ‘of record on the books’ or on file as of invoice payable, etc. It sufficeth to say that it was not listed on the statement of debts assumed.”
“I have for the reasons assigned concluded that there is no personal liability for the debt sued out by Tyree, Champagne and/or Bagwell. Therefore, the suit as to them will be dismissed.”
The appellants contend that the lower court erred in not finding that the debt was of record on the 29th of October, 1947. According to the evidence, the last time that this debt showed on the records of the bottling company was on December 31, 1946. It is true that a complete audit would have shown the debt unpaid but in the instant case the defendants complied with the law by securing from the Mitchells a sworn list of the debts, and the plaintiff’s debt for the bottles was not on this list. There is no charge of fraud made in the case but it is contended by appellant that the defendants, Tyree and Champagne, made up the list of the debts for the Mitchells and the list is correct insofar as the records of the bottling company were concerned and could only have been revealed by a complete audit.
Under the Bulk Sales Law, LSA-R.S. 9:2961 et seq., it is the duty of the seller to furnish the purchaser a sworn list of his creditors. In other words, to ward off liability for any indebtedness he is to furnish his purchaser a complete list of creditors, and if one is omitted, it is his liability. The purchaser only acts as a receiver for the creditors. It was the duty of the Mitchells to see that the list furnished was complete. If they entrusted their duty to someone else and that someone failed to list all the creditors, it was their error and they are liable.
Furthermore, if the plaintiff had been on that list, it stands to reason that the purchase price, the cash thereof, would have been diminished by such amount. They are not losing anything by the judgment. They are attempting to gain by not listing the plaintiffs.
The plaintiff alleged and two of its officials testified that statements were sent or demands made monthly but the record fails to bear this out. There are no letters offered in evidence to this effect and the positive testimony of Tyree, who was more or less the office manager, is to the effect that no such letters or demands came to his knowledge until after the sale had been completed or on or about January 5, 1948. No such letters or copies thereof were produced by the plaintiff.
Under the facts and law applicable, there is no liability on the defendants, Tyree, Champagne or Bagwell. The judgment of the district court is affirmed.